[No. B237761. Second Dist., Div. Four. Feb. 21, 2013.]

ANA G. FUENTES SANCHEZ, Plaintiff and Appellant, v. SWISSPORT, INC., Defendant and Respondent.

## COUNSEL

Livingston Bakhtiar, Ebby S. Bakhtiar; Shegerian & Associates and Carney R. Shegerian for Plaintiff and Appellant.

Rodi Pollock Pettker Christian & Pramov and Patrick J. Cain for Defendant and Respondent.

Opinion

MANELLA, J.—

## INTRODUCTION

In a case of first impression, we are asked to determine whether an employee who has exhausted all permissible leave available under the Pregnancy Disability Leave Law (PDLL), Government Code section 12945,[1] may nevertheless state a cause of action under the California Fair Employment and Housing Act (FEHA), section 12900 et seq. The superior court concluded that appellant, disabled by a high-risk pregnancy, failed to state a claim under the FEHA because her employer had granted her the maximum leave provided under the PDLL before terminating her due to her failure to return to work. We conclude the allegations in appellant's first amended complaint (FAC) are sufficient to state a prima facie case under the FEHA for employment discrimination. Accordingly, we reverse the superior court's order dismissing the FAC.

## FACTUAL AND PROCEDURAL HISTORY

On July 25, 2011, appellant Ana G. Fuentes Sanchez filed a nine-count FAC against respondent, her former employer, Swissport, Inc. She alleged causes of action for (1) discrimination based on pregnancy and pregnancy-related disability, (2) discrimination based on sex, (3) failure to prevent discrimination, (4) failure to accommodate and engage in a timely, good faith interactive process, (5) retaliation, (6) wrongful and tortious discharge, (7) intentional infliction of emotional distress (IIED), (8) unfair business practices under Business and Professions Code section 17200 et seq., and (9) breach of implied and/or express contract.

Appellant alleged that she was employed by Swissport from August 2007 until July 14, 2009, as a cleaning agent. Around February 27, 2009, she was diagnosed with a high-risk pregnancy, requiring bed rest. After her diagnosis, appellant requested and received a temporary leave of absence from Swissport. Appellant alleged that Swissport had actual knowledge that she was anticipated to deliver her baby on or about October 19, 2009. She also alleged that Swissport knew she needed a leave of absence lasting until she gave birth. Appellant alleged that "very soon after she was scheduled to give

---

[1] All further statutory citations are to the Government Code, unless stated otherwise.

birth, she would have returned to work, with the need for only minimal accommodations, if any, in order to perform the essential function[s] of her job." She further alleged that Swissport "afforded her just over 19 weeks of leave, consisting of her accrued vacation time in addition to the time allotted by the California Family Rights Act (CFRA) [(§ 12945.1 et seq.)] and Pregnancy Disability Leave Law (PDLL) [(§ 12945)], before abruptly terminating her employment on or about July 14, 2009 by and through [Rosalia Castillo]."[2] Appellant alleged that she was fired because of her pregnancy, her pregnancy-related disability and/or her requests for accommodations. Appellant also alleged that "at no time, prior to the termination of her employment, did [Swissport] ever contact Plaintiff to engage her in a timely, good faith interactive process in order to identify available accommodations, such as the extended leave of absence she had requested, so that she could remain employed." Finally, she alleged that "the reasonable accommodations necessitated by her pregnancy and pregnancy-related disabilities would not have created an undue hardship upon [Swissport], nor would said accommodations have adversely impacted, in any way, the operation of [its] business."

On September 9, 2011, Swissport filed a demurrer to the FAC, contending that all the causes of action in the FAC derived from the underlying claim that Swissport violated the FEHA by failing to provide additional leave to appellant for her pregnancy-related disability. Swissport asserted that because it had provided appellant with all of the leave mandated by the PDLL and the CFRA (Moore-Brown-Roberti Family Rights Act; §§ 12945.2, 19702.3), it necessarily had satisfied all of its obligations under the FEHA. Thus, Swissport argued, appellant's FEHA-related claims and the derivative claims, such as the unfair business practices claim, were not viable.

On September 29, 2011, appellant filed an opposition, arguing that she was entitled to reasonable accommodations for her pregnancy-related disability under the FEHA, independent of the leave provisions articulated in the PDLL and the CFRA. Specifically, she contended she was afforded protection by the general antidiscrimination provision of section 12940. She argued that "just because a pregnant employee is unable to perform the essential functions of her job *without* accommodations upon the exhaustion of her . . . leave, does not preclude her entitlement to protection under [the] FEHA since she may be able to perform her job's essential functions *with* reasonable accommodations." She further argued that providing additional leave was a reasonable accommodation for a known disability. Appellant also argued that her

---

[2] Appellant alleged one cause of action against Castillo, but did not oppose Castillo's demurrer to that cause of action. Castillo is not a party to this appeal.

pregnancy-related disability was "a condition that is—at the risk of being facetious—transient in nature," as it would resolve itself after she delivered her baby.

Swissport filed a reply, arguing that "[t]he pregnancy disability statutes and regulations are clear: pregnancy disability leave is capped at four months. Sanchez was permitted all of the pregnancy leave to which she was entitled, and her employment was terminated only when that leave expired and she was not able to return to work."

At the hearing on the demurrer, the superior court observed that "at the time of her termination in July 2009, plaintiff was unable to perform her essential job functions at all. . . . [S]ection 1940 subdivision [(a)] does not prohibit an employer from discharging an employee who is unable to perform her essential duties even with accommodation." The court concluded that "[t]he allegations against defendant that defendant discharged plaintiff after her statutorily authorized pregnancy leave expired and that she was unable to return to work is conduct expressly permitted under the Government Code." On October 13, 2011, the superior court sustained the demurrer without leave to amend. An order dismissing the action was entered November 17, 2011. Appellant timely appealed.

## DISCUSSION

Appellant contends the trial court erred in sustaining the demurrer to her FAC.[3] For the reasons explained below, we agree.

### A. *Standard of Review*

██ "In reviewing an order sustaining a demurrer, we assume well-pleaded factual allegations to be true and examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action on any legal theory. [Citation.]" (*Kyablue v. Watkins* (2012) 210 Cal.App.4th 1288, 1292 [149 Cal.Rptr.3d 156].) Because the demurrer was sustained based upon an interpretation of certain provisions of the FEHA, we must determine whether the trial court's interpretation was correct. "Statutory interpretation is a question of law subject to our independent review." (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 524 [25 Cal.Rptr.3d 649].) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain

---

[3] As the demurrer was sustained solely on the ground that appellant had no viable causes of action under the FEHA, we restrict our analysis to the FEHA-related claims in the FAC.

and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

## B. *The FEHA*

The FEHA prohibits discrimination in employment based on, inter alia, sex, physical disability, or medical condition. (§ 12940, subd. (a).) "Sex" is defined to include "[p]regnancy or medical conditions related to pregnancy." (§ 12926, subd. (q)(1).) The FEHA also requires an employer to provide reasonable accommodation for an employee's known disability, unless the employer demonstrates that the accommodation would produce "undue hardship . . . to its operation." (§ 12940, subd. (m).) However, the FEHA does not prohibit an employer from discharging an employee with a physical disability or medical condition who "is unable to perform his or her essential duties even with reasonable accommodations, or cannot perform those duties in a manner that would not endanger his or her health or safety or the health or safety of others even with reasonable accommodations." (§ 12940, subd. (a)(1).)

The provisions of the PDLL are contained within the broader provisions of the FEHA.[4] The PDLL provides that, "[i]n addition to the provisions that govern pregnancy, childbirth, or a related medical condition in Sections 12926 and 12940," an employer must "allow a female employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work, as set forth in the commission's regulations. The employee shall be entitled to utilize any accrued vacation leave during this period of time. Reasonable period of time means that period during which the female employee is disabled on account of pregnancy, childbirth, or a related medical condition. . . ." (§ 12945, subd. (a)(1).) The PDLL further provides that "[t]his section shall not be construed to affect any other provision of law relating to sex discrimination or pregnancy, or in any way to diminish the coverage of pregnancy, childbirth, or a medical condition related to pregnancy or childbirth under any other provision of this part, including subdivision (a) of Section 12940." (§ 12945, subd. (b).)

The regulations implementing the PDLL provide, in pertinent part, that "[a]ll employers must provide a leave of up to four months, as needed, for the

---

[4] The FEHA comprises part 2.8 of division 3 of title 2 of the Government Code. The PDLL is contained within part 2.8, and thus is part of the FEHA.

period(s) of time an employee is actually disabled because of pregnancy even if an employer has a policy or practice that provides less than four months of leave for other similarly situated temporarily disabled employees." (Cal. Code Regs., tit. 2, § 7291.9, subd. (a).) "If an employer has a more generous leave policy for similarly situated employees with other temporary disabilities than is required for pregnancy purposes under these regulations, the employer must provide the more generous leave to employees temporarily disabled by pregnancy." (Cal. Code Regs., tit. 2, § 7291.9, subd. (b).)[5]

■ Thus, under the PDLL, an employee disabled by pregnancy is entitled to up to four months of disability leave, regardless of any hardship to her employer. (§ 12945, subd. (a).) Under the FEHA, a disabled employee is entitled to a reasonable accommodation—which may include leave of no statutorily fixed duration—provided that such accommodation does not impose an undue hardship on the employer. (§ 12940, subd. (m); see *Jensen v. Wells Fargo Bank* (2000) 85 Cal.App.4th 245, 263 [102 Cal.Rptr.2d 55] ["Holding a job open for a disabled employee who needs time to recuperate or heal is in itself a form of reasonable accommodation and may be all that is required where it appears likely that the employee will be able to return to an existing position at some time in the foreseeable future."]; *Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 226 [87 Cal.Rptr.2d 487] (*Hanson*) ["[A] finite leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties."].)

C. *Analysis*

■ Swissport contends the exclusive remedy for an employee seeking reasonable accommodation of her pregnancy-related disability is the PDLL; once the maximum four-month leave period specified in the PDLL has expired, she is entitled to no other protection under the FEHA. Specifically, Swissport asserts, she is not entitled to a reasonable accommodation of her pregnancy-related disability, even if such accommodation would not cause undue hardship to the employer, and even if a non-pregnancy-related disability might warrant such accommodation. We conclude that Swissport's proposed construction is contradicted by the plain language of the PDLL, which makes clear that its remedies *augment*, rather than supplant, those set forth elsewhere in the FEHA. By its terms, the PDLL provides that its remedies are "[i]n addition to" those governing pregnancy, childbirth, and pregnancy-related medical conditions set forth in the FEHA, including section 12940. (§ 12945, subd. (a).) Indeed, to construe compliance with the PDLL as satisfying all other requirements of the FEHA, including section 12940,

---

[5] As appellant does not claim to have been denied any leave to which she was entitled under the CFRA, we will not discuss the CFRA further.

would violate the express mandate of the PDLL that its provisions "not be construed to affect any other provision of law relating to sex discrimination or pregnancy, or in any way to diminish the coverage of pregnancy, child-birth, or a medical condition related to pregnancy or childbirth under any other provision of this part, including subdivision (a) of Section 12940." (§ 12945, subd. (b).)

In arguing that the PDLL displaces, rather than augments, any other provisions of the FEHA otherwise applicable to pregnancy-related disability, Swissport points to the language of the PDLL requiring an employer to permit a pregnancy-disabled employee to take leave "not to exceed four months and thereafter return to work . . . ." (§ 12945, subd. (a)(1).) Swissport suggests that the specificity of this language necessarily defines the limits of an employer's obligation to a pregnancy-disabled employee. It does not. It merely defines the employer's obligations under the PDLL, which are, by its terms, *in addition to* those provided elsewhere in the FEHA, and may not be construed "in any way to diminish" the coverage of a pregnancy-related medical condition "under any other provision" of the FEHA. (§ 12945, subd. (b).)

The fallacy of Swissport's position is made clear simply by excising the provisions of the PDLL from the FEHA and examining what remains. Under section 12940, a woman disabled by pregnancy is entitled to the protections afforded any other disabled employee—a reasonable accommodation that does not impose an undue hardship on her employer. As the case law makes clear, disability leave may in some circumstances exceed four months. (See, e.g., *Hanson, supra*, 74 Cal.App.4th at p. 227 [seven extra months of leave]; *Watkins v. Ameripride Services* (9th Cir. 2004) 375 F.3d 821, 828–829 [employee's position left vacant for one year].) Yet, under Swissport's statutory construction, the PDLL would serve to cap the maximum leave a pregnancy-disabled employee could take at four months, regardless of whether any additional leave constituted a reasonable accommodation that would impose no undue hardship on the employer. Swissport's construction would thus "diminish the coverage" of pregnancy-related disabilities other-wise provided "under any other provision" of the FEHA—precisely what the PDLL expressly prohibits. (§ 12945, subd. (b).)[6]

---

[6] Our holding is further buttressed by a regulation recently promulgated by the former Fair Employment and Housing Commission, which provides that "[t]he right to take pregnancy disability leave under Government Code section 12945 and these regulations is separate and distinct from the right to take a leave of absence as a form of reasonable accommodation under Government Code section 12940. At the end or depletion of an employee's pregnancy

The cases on which Swissport relies do not advance its position. *Neisendorf v. Levi Strauss & Co.* (2006) 143 Cal.App.4th 509 [49 Cal.Rptr.3d 216] (*Neisendorf*) and *Rogers v. County of Los Angeles* (2011) 198 Cal.App.4th 480 [130 Cal.Rptr.3d 350] (*Rogers*) both addressed claims brought under the CFRA, holding that where an employer had provided the 12 weeks for family care and medical leave mandated by the CFRA, the employer had fulfilled its obligations under the CFRA. Neither *Neisendorf* nor *Rogers* involved claims under the PDLL, and neither addressed whether an employer's compliance with some portions of the FEHA constituted compliance with others. (See *Neisendorf, supra,* at p. 518, fn. 6 [addressing CFRA claims only; noting absence of disability-related claim as plaintiff was not "disabled" under the FEHA]; *Rogers, supra,* at p. 490 [plaintiff asserted CFRA interference and retaliation claims only].) The reasoning of these cases can, at best, be extended to support the proposition that an employer's compliance with the provisions of the PDLL extinguishes any cause of action under the PDLL. As appellant did not allege a cause of action under the PDLL, the cited cases are inapposite.

■ Instead, appellant alleged viable FEHA-related claims. She stated causes of action under section 12940, subdivision (a), which prohibits employment discrimination on the basis of sex, physical disability, or medical condition. Her FAC alleged that Swissport fired her because she was pregnant. Pregnancy discrimination is a form of sex discrimination. (See § 12926, subd. (q) [defining sex discrimination to encompass pregnancy discrimination]; *Badih v. Myers* (1995) 36 Cal.App.4th 1289 [43 Cal.Rptr.2d 229] [same].) The FAC also alleged that appellant was fired because she was unable to work during her high-risk pregnancy. Being unable to work during pregnancy is a disability for the purposes of section 12940. (See § 12926, subd. (*l*) [defining " '[p]hysical disability' " as including any physiological condition that impairs a major life activity, such as working].)

In addition, appellant alleged that had she been granted additional leave until childbirth, she would have been able to perform the essential functions

disability leave, an employee who has a physical or mental disability (which may or may not be due to pregnancy, childbirth, or related medical conditions) may be entitled to reasonable accommodation under Government Code section 12940. Entitlement to leave under section 12940 must be determined on a case-by-case basis, using the standards provided in the disability discrimination provisions . . . of these regulations, and is not diminished by the employee's exercise of her right to pregnancy disability leave." (Cal. Code Regs., tit. 2, § 7291.14 (eff. Dec. 30, 2012); see *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12 [78 Cal.Rptr.2d 1, 960 P.2d 1031] [reviewing court accords great weight and respect to agency's interpretation of its own statute].)

of her job with little or no further accommodations. For pleading purposes, this allegation disposed of any contrary inference that she was "unable to perform . . . her essential duties even with reasonable accommodations." (§ 12940, subd. (a)(1).) The superior court's factual finding that "at the time of her termination in July 2009, plaintiff was unable to perform her essential job functions at all" was merely a finding that appellant was disabled at the time of her termination. The court did not find that appellant was "unable to perform . . . her essential duties even with reasonable accommodations." Thus, the court erred in concluding that section 12940 expressly permitted Swissport to fire appellant.

Appellant also stated a viable claim under section 12940, subdivision (m), which mandates that an employer provide reasonable accommodations for the known physical disability of an employee. She alleged that she was unable to work during her pregnancy, that she was denied reasonable accommodations for her pregnancy-related disability and terminated, and that the requested accommodations would not have imposed an undue hardship on Swissport. A finite leave of greater than four months may be a reasonable accommodation for a known disability under the FEHA. (See, e.g., *Hanson, supra*, 74 Cal.App.4th at p. 227 ["Indubitably, the seven extra months of leave . . . constitutes a reasonable accommodation in this case."]; *Watkins v. Ameripride Services, supra*, 375 F.3d at pp. 828–829 [employer satisfied its obligation to reasonably accommodate employee's disability, by among other actions, leaving his job open for a year in order to allow the employee to reclaim his position].) Appellant's allegation that the requested accommodations would impose no undue hardship upon Swissport is one which Swissport is free to challenge. For purposes of a demurrer, however, appellant stated a viable cause of action under section 12940, subdivision (m), part of the FEHA. For similar reasons, she also stated a claim under section 12940, subdivision (n) for Swissport's alleged failure to engage in an interactive process to determine effective reasonable accommodations.

Finally, appellant stated a claim under section 12940, subdivision (h), which prohibits an employer from retaliating against an employee for exercising her rights under section 12940. Appellant alleged she was fired because she sought reasonable accommodations for her disability. In short, we conclude the superior court erred in sustaining the demurrer on the ground that appellant had no actionable claim under the FEHA because respondent had provided her with 19 weeks of leave under the PDLL.

## DISPOSITION

The order dismissing the action is reversed. Appellant is entitled to her costs on appeal.

Willhite, Acting P. J., and Suzukawa, J., concurred.