**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIM KRANSON, | No. 13-17440 |
| Plaintiff - Appellee, | D.C. No. 4:11-cv-05826-YGR |
| v. | |
| FEDERAL EXPRESS CORPORATION, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 18, 2016**
San Francisco, California

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

In this diversity action, Defendant-Appellant Federal Express Corporation

("FedEx") appeals the district court's denial of its post-trial motion following a

jury verdict in favor of Plaintiff-Appellee Tim Kranson on four claims under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq. Kranson, who exhausted ninety days of medical leave provided by FedEx policy after being seriously injured on the job, was discharged from his full-time position, and then FedEx eliminated the vacant position. The jury found in favor of Kranson on his claims of disability discrimination, retaliation, wrongful discharge, and failure to provide a reasonable accommodation. FedEx filed a renewed motion for judgment as a matter of law on the grounds, inter alia, that the period of medical leave it provided was reasonable as a matter of law, and that the jury's verdict was not supported by substantial evidence. The district court denied FedEx's motion, and entered judgment in favor of Kranson, awarding $382,197.00 in damages. We affirm.

We review de novo a district court's denial of a renewed motion for judgment as a matter of law. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1068 (9th Cir. 2015). When reviewing a renewed motion for judgment as a matter of law, we will "draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 1069 (quoting *Harper v. City of L.A.*, 533 F.3d 1010, 1021 (9th Cir. 2008)). The district court's ruling will be reversed only

if "the evidence . . . permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* at 1068 (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)).

FedEx argues that its ninety-day medical leave policy was a reasonable accommodation as a matter of law in this case because Kranson accepted the period of leave and did not ask for more. We disagree. *See Swanson v. Morongo Unified Sch. Dist.*, 181 Cal. Rptr. 3d 553, 565 (Cal. Ct. App. 2014) (an employer has an "affirmative duty" to reasonably accommodate a disabled employee and that duty is a "continuing one that is not exhausted by one effort" (citations omitted)); *Prilliman v. United Air Lines, Inc.*, 62 Cal. Rptr. 2d 142, 152 (Cal. Ct. App. 1997) (rejecting notion that a "disabled employee must first come forward and request a specific accommodation before the employer has a duty to investigate such accommodation").

Substantial evidence also supports the jury's finding that FedEx failed to provide a reasonable accommodation. FedEx failed to consider any accommodations for Kranson other than the ninety-day period of leave provided by company policy. Yet during that medical leave and before Kranson's discharge, FedEx was repeatedly informed of Kranson's progress and his prospects for

3

returning to his full-time position.   Viewing the evidence in the light most favorable to Kranson, as we must, a jury could reasonably find that it would have been a reasonable accommodation for FedEx to extend Kranson's leave for a short period when it appeared likely that he would be able to return to his position in a matter of weeks.   *See Sanchez v. Swissport, Inc.*, 153 Cal. Rptr. 3d 367, 372-74 (Cal. Ct. App. 2013) (holding that a violation of FEHA may be based on an employer's alleged failure to provide further leave beyond the nineteen-week maternity leave available to the employee where additional leave was needed to reach the end of the plaintiff's high-risk pregnancy).

Because the jury's damages award can be sustained on the basis of the failure-to-accommodate claim under California Government Code § 12940(m), we do not reach FedEx's arguments concerning the verdict in favor of Kranson on his claims of disability discrimination, retaliation, and wrongful discharge.

**AFFIRMED.**