Filed 9/6/24  Rodriguez v. Stantru Resources CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

JULIETA RODRIGUEZ,

    Plaintiff and Appellant,

v.

STANTRU RESOURCES, INC., et al.,

    Defendants and Respondents.

E080653

(Super.Ct.No. CIVDS2000981)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Wilfred J. Schneider, Jr., Judge.  Dismissed in part and affirmed in part.

Shegerian & Associates, Carney R. Shegerian, Anthony Nguyen, and Aaron Gbewonyo for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo and Carol A. Gefis and Michele L. Collender for Defendants and Respondents.

1

Plaintiff Julieta Rodriguez appeals from the summary judgment entered in favor of defendants Stantru Resources, Inc., Stantru Reinforcing Steel (collectively, Stantru), and Steve Torrey (collectively, defendants). Rodriguez also appeals from the trial court's denial of her postjudgment motion for a new trial. We affirm the judgment but dismiss Rodriguez's separate appeal from the order denying her new trial motion.

BACKGROUND

I. *The complaint and discovery*

In August 2019, Rodriguez filed a complaint against defendants, alleging 14 causes of action. We take the following facts from the allegations in the complaint: In May 2017, Rodriguez began working for Stantru, doing clerical and administrative work. Torrey supervised her. In April 2018, Rodriguez learned that she was pregnant with her third child, and she told Torrey about the pregnancy. Torrey questioned Rodriguez about her plans, asking "'How are you going to do this?'" (Italics omitted.) Rodriguez explained that she planned to fulfill her work responsibilities competently and then take maternity leave. Rodriguez alleges that over the next six months Torrey and Stantru's owner repeatedly questioned Rodriguez about how she planned to work while having three children.

Rodriguez took maternity leave from early November 2018 through January 25, 2019. When Rodriguez returned to work on January 25, 2019, she told Torrey that she needed a few additional weeks of leave in order to find a babysitter because her planned babysitter was no longer available. Rodriguez returned to work on March 4, 2019. A

2

manager informed Rodriguez that she had been terminated the previous week via letter. Stantru sent Rodriguez a letter dated February 27, 2019, informing Rodriguez that she had been terminated because she had not contacted defendants since January 25, 2019. Rodriguez alleges that she contacted Torrey during that period.

Rodriguez alleged the following causes of action against Stantru: (1) disability and pregnancy discrimination under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.); (2) pregnancy and disability harassment under FEHA; (3) several claims of retaliation, including that she was retaliated against for complaining about discrimination and harassment under FEHA; (4) failure to provide reasonable accommodation; (5) failure to engage in the interactive process; (6) failure to prevent discrimination, harassment, and retaliation; (7) negligent hiring, retention, and supervision; (8) wrongful termination in violation of public policy; and (9) intentional infliction of emotional distress. As to Torrey, Rodriguez alleged claims of pregnancy and disability harassment and intentional infliction of emotional distress. Rodriguez sought punitive damages against Stantru. Defendants filed an answer to the complaint, denying all of the allegations and asserting various affirmative defenses.

In May 2021, Rodriguez filed a verified response to defendants' interrogatories, in which she identified Karl Sheldon as a potential witness.

II.     *Summary judgment*

Defendants moved for summary judgment in February 2022, with a hearing date set in April. In March, the court accepted the parties' stipulation to continue the hearing

until August. The parties stipulated to a continuance to allow Rodriguez time to conduct discovery, including depositions "critical" to her opposition to the motion for summary judgment. In July, the court granted Rodriguez's request for another continuance because her lead attorney was unavailable. The court scheduled the continued hearing for November. In October, Rodriguez filed her opposition to defendants' summary judgment motion.

In November 2022, the court held a hearing on the motion for summary judgment, at which both parties' counsel appeared. The court had issued a tentative ruling beforehand. Neither counsel argued anything at the hearing, and neither counsel remarked when the court asked if they had any issues with the tentative.

The court granted defendants' motion. The court ruled that the discrimination and wrongful termination claims failed as a matter of law because the undisputed facts showed that Rodriguez was not disabled when she was terminated and, in the alternative, that Stantru had legitimate, nondiscriminatory reasons for terminating her. The FEHA retaliation claim likewise failed because Stantru had legitimate, nondiscriminatory reasons for terminating Rodriguez. As to the failure to accommodate and failure to interact causes of action, the court granted summary judgment because the undisputed facts showed that Rodriguez was not disabled when she took her second leave of absence and, in the alternative, she had received accommodation for her pregnancy/disability in any event. As to the harassment claim, the court found that the comments and questions that Torrey and Stantru's owner made about Rodriguez's pregnancy were not severe or

4

pervasive enough to have negatively impacted Rodriguez's work. The court entered judgment on November 14, 2022.

III.    *Rodriguez's motion for new trial*

After judgment was entered, Rodriguez moved under Code of Civil Procedure section 657 for a new trial on several grounds, including that she had newly discovered evidence that Stantru's reason for terminating her was pretextual. (Code Civ. Proc., § 657, par. 4; unlabeled statutory references are to this code.) The newly discovered evidence consisted of excerpts of Sheldon's deposition testimony. Rodriguez's attorney attested that he deposed Sheldon on the day of the summary judgment hearing in November 2022, "following the hearing." In August 2022, Rodriguez served Stantru with an interrogatory requesting Sheldon's contact information. Stantru initially provided Sheldon's contact information to Rodriguez on October 10, 2022, but the phone number and address that Stantru provided were incorrect. In her reply brief in support of her motion for new trial, Rodriguez stated that because Stantru had provided incorrect contact information for Sheldon, Rodriguez's counsel "was required to engage in further efforts to" locate Sheldon and that "the first date that he could reasonably be made available was November 7, 2022." Rodriguez cites her attorney's declaration as support for those factual assertions, but her attorney did not attest to those purported facts.

The trial court denied the motion for new trial, finding that Rodriguez did not offer any reason for not having deposed Sheldon earlier. The court reasoned that Rodriguez's knowledge that Sheldon was a potential witness in May 2021 and her failure to provide

5

any explanation for not taking Sheldon's deposition before November 2022—the day of the summary judgment hearing—was "the opposite of the reasonable diligence requirement" under section 657.

DISCUSSION

We presume that a trial court order is correct, and the burden is on an appellant "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.) "In an appellate brief, an assertion of fact should be followed by a citation to the page(s) of the record containing the supporting evidence." (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 178, fn. 4 (*Jackson*).)

I. *Summary judgment*

A. *Standard of review*

The trial court may grant summary judgment if there is no triable issue of material fact and the issues raised by the pleadings may be decided as a matter of law. (§ 437c, subds. (c), (f)(2).) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party

opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)

We review summary judgment orders de novo and apply the same legal standard as the trial court. (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) We limit review to issues that have been adequately supported in the appellant's opening brief. (*Laabs v. Southern California Edison Co.* (2009) 175 Cal.App.4th 1260, 1271, fn. 5.)

B.     *FEHA*

FEHA prohibits an employer from terminating an employee on the basis of a physical disability.[1] (Gov. Code, § 12940, subd. (a).) Physical disability is defined as including any physiological condition that "[l]imits a major life activity," such as working. (Gov. Code, § 12926, subd. (m)(1)(B).) "Being unable to work during pregnancy is a disability for the purposes of [Government Code] section 12940." (*Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331, 1340.)

FEHA disability claims are subject to the burden-shifting framework of *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 802-803 (*McDonnell*). (*Guz v.*

---

[1]     FEHA also makes it unlawful for an employer (1) to harass an employee "because of . . . physical disability" (Gov. Code, § 12940, subd. (j)(1)); (2) "to fail to make reasonable accommodation for the known physical . . . disability of an . . . employee" (*id.*, subd. (m)(1)); (3) "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee" (*id.*, subd. (n)); and (4) "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]" (*id.*, subd. (h)).

*Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354-355 (*Guz*).)  Within that framework, a plaintiff must "first establish a prima facie case of discrimination by showing that '"he or she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations[;] and (3) was subjected to an adverse employment action because of the disability or perceived disability."'" (*Cornell v. Berkeley Tennis Club* (2017) 18 Cal.App.5th 908, 926.)

On a defense motion for summary judgment in an employment discrimination case based on disability, "'"the employer, as the moving party, has the initial burden to present admissible evidence showing either that one or more elements of [the] plaintiff's prima facie case is lacking or that the adverse employment action was based upon legitimate, nondiscriminatory factors.'" (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 861; *Guz, supra*, 24 Cal.4th at pp. 354-355; *McDonnell, supra*, 411 U.S. at pp. 802-803.) "If the employer meets its initial burden, the burden shifts to the employee to 'demonstrate a triable issue by producing substantial evidence that the employer's stated reasons were untrue or pretextual, or that the employer acted with a discriminatory animus, such that a reasonable trier of fact could conclude that the employer engaged in intentional discrimination or other unlawful action.'" (*Serri, supra*, at p. 861, italics omitted.)

C.     *Triable issues of material fact*

Rodriguez contends that the trial court erred by granting summary judgment because there are triable issues of material fact as to her FEHA claims for discrimination,

8

harassment, retaliation, failure to engage in the interactive process, failure to accommodate, and wrongful termination in violation of public policy. Defendants counter that the arguments are forfeited, and we agree.

Rodriguez fails to cite any record evidence in her opening brief. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590 (*Alki*).) Instead, all of Rodriguez's citations to the record are to the memoranda of points and authorities she filed in opposition to Stantru's motion for summary judgment and in support of her new trial motion.[2] In particular, all of her arguments concerning the existence of a triable issue of material fact are supported by citations to the points and authorities that she filed in the trial court. "Citing points and authorities filed in the trial court is not appropriate support for factual assertions in a brief. Points and authorities are not presented under penalty of perjury. Matters set forth in points and authorities are not evidence." (*Ibid.*; *Brehm Communities v. Superior Court* (2001) 88 Cal.App.4th 730, 735.) "Evidence appears elsewhere—in deposition testimony, discovery responses, and declarations." (*Alki*, *supra*, at p. 590.)

For two reasons, Rodriguez's citations to the points and authorities filed in the trial court do not carry her burden on appeal of demonstrating error. First, because the matters contained in the points and authorities are not evidence (*Alki*, *supra*, 4 Cal.App.5th at

---

[2]    The opening brief contains three citations to "PSF," which might be a reference to Rodriguez's separate statement of disputed facts submitted in opposition to the summary judgment motion. The citations do not include the volume and page number of the appellant's appendix where the cited material appears, so they violate rule 8.204(a)(1)(C) of the California Rules of Court. In any event, the separate statement is not evidence. (*Jackson*, *supra*, 60 Cal.App.4th at p. 178, fn. 4.)

9

p. 590), Rodriguez has not cited any evidence in the record.  She accordingly has not presented any evidence on appeal demonstrating the existence of a triable issue of material fact to defeat summary judgment.  (*Aguilar*, *supra*, 25 Cal.4th at p. 853.)  Moreover, the points and authorities themselves do not contain citations to evidence but instead cite Rodriguez's separate statement of disputed facts submitted in opposition to the summary judgment motion.  The separate statement is not evidence.  (*Jackson*, *supra*, 60 Cal.App.4th at p. 178, fn. 4.)  Rather, "it refers to evidence submitted in support of or opposition to a summary judgment motion."  (*Ibid.*, italics omitted.)  Thus, in order to determine whether there is any evidence in the record supporting Rodriguez's arguments on appeal, we would have to search the record independently to try to find the evidence submitted in support of the various assertions in the separate statement.  We are not obliged to search the record unguided.  (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 (*Meridian*); *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597.)  Because Rodriguez has failed to support her arguments concerning the existence of triable issues of material fact with adequate citations to the record, the arguments are forfeited.[3]  (*Alki*, at p. 590; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)

---

[3]    In her reply brief, Rodriguez does not respond to defendants' argument that the record citations in the opening brief are inadequate.  She does, however, attempt to cure some of the record citation deficiencies by citing some evidence in the record.  But she makes no attempt to show good cause for having failed to support her arguments adequately in her opening brief.  Absent such a showing, we decline to address points first raised in reply.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  "Fairness militates against allowing an appellant to raise an issue for the first time in a

*[footnote continued on next page]*

Second, even if Rodriguez's citations to the motion for new trial were to evidence submitted in support of that motion (rather than to the memorandum of points and authorities), that evidence would not suffice to demonstrate the summary judgment motion was erroneously granted. In analyzing whether the trial court erred by granting summary judgment, we consider "'the record that was before the trial court when it ruled on that motion.'" (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 716-717.) The newly discovered evidence that Rodriguez submitted in support of the new trial motion was not before the trial court when it ruled on defendants' motion for summary judgment. We accordingly would not consider that evidence in analyzing the propriety of granting summary judgment (*ibid.*), even if the evidence was properly cited in the opening brief.

For these reasons, we reject Rodriguez's arguments that there were triable issues of material fact as to her claims for discrimination, harassment, retaliation, failure to engage in the interactive process, failure to accommodate, and wrongful termination in violation of public policy.

D.      *Existence of disability at time of adverse employment action*

Rodriguez argues that her FEHA disability discrimination claim does not require that she be disabled when terminated, so the trial court erred by granting summary judgment on that ground. We need not address the argument, because the trial court

---

reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue." (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 276.) The reasoning applies equally to citation of evidence for the first time in the reply brief. (*Los Angeles Unified School District v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 510.)

11

granted summary judgment on the disability claim on alternate grounds. (*Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932, 948 (*Gray*) [appellate court affirms grant of summary judgment on any ground the parties had an adequate opportunity to address in the trial court]; *Nicoletti v. Kest* (2023) 97 Cal.App.5th 140, 144 [same].) The court did conclude that Rodriguez failed to state a claim for disability discrimination because she was not disabled when she was terminated. But the court also granted summary judgment on the independent ground that Rodriguez was terminated for a legitimate, nondiscriminatory reason. Because, as we have explained, Rodriguez has failed to carry her burden on appeal of demonstrating that there existed a triable issue of material fact as to whether Stantru terminated Rodriguez for a legitimate, nondiscriminatory reason, we must affirm the ruling on that ground. We accordingly need not analyze whether the trial court erred by granting summary judgment on the alternate ground that Rodriguez was not disabled when she was terminated. (*Gray*, *supra*, at p. 948.)

Rodriguez also argues that the trial court erred by concluding that she "could not maintain a failure to accommodate claim because she was not disabled at the time of her termination." We need not address that argument either. As with the disability discrimination claim, the trial court granted summary judgment on the failure to accommodate claim on two separate and independent grounds—because Rodriguez was not disabled when she requested a second leave of absence *and* because she had "received an accommodation associated with her pregnancy/disability." Rodriguez does not challenge the court's determination that she received an accommodation. We

12

accordingly must affirm the grant of summary judgment on the unchallenged ground and need not analyze the alternate ground.  (*Gray*, *supra*, 95 Cal.App.5th at p. 948.)

E.     *Section 437c, subdivision (g)*

Subdivision (g) of section 437c (§ 437c(g)) provides:  "Upon the grant of a motion for summary judgment on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination.  The order shall specifically refer to the evidence proffered in support of and, if applicable, in opposition to the motion that indicates no triable issue exists.  The court shall also state its reasons for any other determination.  The court shall record its determination by court reporter or written order."  A trial court's failure to comply with section 437c(g)'s requirements "does not automatically require a reversal."  (*Main Street Plaza v. Cartwright & Main, LLC* (2011) 194 Cal.App.4th 1044, 1057.)  The failure to comply with section 437c(g) does not result in prejudice if we determine upon independent review that the judgment is otherwise valid.  (*Soto v. State of California* (1997) 56 Cal.App.4th 196, 199 (*Soto*).)

Rodriguez contends that the trial court committed reversible error by failing to satisfy the requirements of section 437c(g).  She argues that the court erred by "failing to address the existence of pretext, or otherwise address why the reasons for term[]ination were not pretextual," which she contends the trial court was required to do as a matter of law.  Rodriguez contends that the errors were prejudicial because she submitted

13

substantial evidence demonstrating that Stantru's purported reasons for terminating her were pretextual. We find no prejudicial error.

Assuming for the sake of argument that the trial court erred by failing to address the issue of pretext in the summary judgment ruling, Rodriguez fails to carry her burden on appeal of demonstrating that the claimed error resulted in prejudice, because she does not cite any evidence of pretext in the record. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his [or her] brief exactly how the error caused a miscarriage of justice"].) Again, we are not obliged to search the record unguided. (*Meridian*, *supra*, 67 Cal.App.5th at p. 684.) Given the lack of citations to any evidence of pretext, Rodriguez has failed to carry her burden of showing that she was prejudiced by any putative error by the trial court in failing to address the issue of pretext in its ruling. (*Soto*, *supra*, 56 Cal.App.4th at p. 199.)

II.     *New trial motion*

Rodriguez also contends that the trial court erred by denying her motion for new trial. We disagree.[4]

---

**4**     Defendants correctly point out that an order denying a motion for new trial is not appealable. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18; *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 924, fn. 7.) "Such an order, however, may be reviewed on appeal from the underlying judgment." (*Walker*, *supra*, at p. 18; § 906.) We therefore dismiss Rodriguez's appeal from the order denying her motion for new trial, but we address the merits of her arguments concerning that order, which is reviewable on Rodriguez's appeal from the judgment.

Section 657 governs motions for new trials and applies when the trial court has granted summary judgment. (*Brewer v. Remington* (2020) 46 Cal.App.5th 14, 23.) Paragraph 4 of section 657 permits a trial court to grant a new trial on the basis of "[n]ewly discovered evidence, material for the party making the application, which [the party] could not, with reasonable diligence, have discovered and produced at trial." A new trial may be granted on this ground only "if reasonable diligence was exercised in the discovery of the evidence, and the evidence is material to the moving party's case, meaning that it is likely to produce a different result." (*Trovato v. Beckman Coulter, Inc.* (2011) 192 Cal.App.4th 319, 327.) The moving party bears the burden of proving that they exercised reasonable diligence in attempting to discover or produce the evidence earlier. (*In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 153.) A party's "general averment of diligence is insufficient." (*Id.* at p. 154.) "Whether a reasonable effort was made to discover the evidence, and whether it was material are questions addressed to the sole discretion of the trial court, and will not be disturbed absent a manifest showing of abuse of discretion." (*Missionary Guadalupanas of Holy Spirit Inc. v. Rouillard* (2019) 38 Cal.App.5th 421, 438.)

In support of the new trial motion, Rodriguez submitted excerpts from the deposition of Sheldon that she had taken the day of the summary judgment hearing. It was the only new evidence that she submitted in support of the motion. Stantru filed its motion for summary judgment in February 2022. Rodriguez identified Sheldon as a potential witness in May 2021. Yet Rodriguez did not ask Stantru for Sheldon's contact

15

information until August 2022, more than one year after she identified him as a possible witness and about six months after defendants moved for summary judgment. And Rodriguez did not depose Sheldon until the day of the summary judgment hearing in November 2022—nearly one and one-half years after she acknowledged that he might be a witness.

Rodriguez acknowledged in the new trial motion that Sheldon's deposition was taken on the day of the summary judgment hearing, "following the hearing." But Rodriguez did not attempt to explain why she had not deposed him sooner or even requested his contact information until more than one year after she identified him as a potential witness and six months after defendants moved for summary judgment. During that period, the trial court twice continued the summary judgment hearing. Moreover, there is no evidence about when Rodriguez ultimately contacted Sheldon and why the deposition could not have been scheduled before the day of the hearing. Rodriguez's points and authorities in support of the motion contain the conclusory assertion that Sheldon was not available until then, but that is not evidence. (*Alki*, *supra*, 4 Cal.App.5th at p. 590.) Moreover, when Rodriguez scheduled Sheldon's deposition for the same day of the hearing, she did not request an additional continuance. In fact, Rodriguez's attorney did not comment at all at the hearing, let alone request another continuance or even indicate that he was taking Sheldon's deposition later that day.

Given all of the foregoing circumstances, the trial court did not abuse its discretion by finding that Rodriguez did not exercise reasonable diligence in attempting to locate

16

and depose Sheldon sooner.  We therefore conclude that the trial court did not abuse its discretion by denying Rodriguez's new trial motion.  (§ 657, par. 4.)

DISPOSITION

The appeal from the order denying Rodriguez's motion for new trial is dismissed. The judgment is affirmed.  Defendants shall recover their costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ       
J.

We concur:

CODRINGTON     
Acting P. J.

RAPHAEL      
J.